**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO.  3:15-CV-313-CHL**

**HOPE KERR for the benefit of**
**HANK W. KERR, deceased,**                                      **Plaintiff,**

**v.**

**COMMISSIONER OF SOCIAL SECURITY,**                          **Defendant.**

**MEMORANDUM OPINION AND ORDER**

Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, the parties have consented to a United States Magistrate Judge conducting all further proceedings in this case.  (DN 11.)  This includes issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed.  Before the Court is a Motion for Attorney's Fees (DN 22) filed by plaintiff Hope Kerr for the benefit of Hank W. Kerr, deceased, pursuant to the Equal Access to Justice Act ("EAJA").  The Commissioner of Social Security has filed a response (DN 24).  Therefore, this matter is ripe for review.

**Background**

In the Motion for Attorney's Fees, Kerr maintains that the Commissioner's position was not substantially justified, and that she is the prevailing party and therefore entitled to attorney's fees in the amount of $3,206.25, which is based on 25.65 hours of work at the rate of $125.00 per hour.  Kerr requests that, after the Commissioner confirms any amounts that might be owed to the United States Government by her, the attorney's fees be made payable to her counsel, Greg Marks.

1

The Commissioner does not oppose an award of attorney's fees in the amount requested. The Commissioner notes that pursuant to *Commissioner of Soc. Sec. v. Ratliff*, 560 U.S. 586 (2010), any fees paid belong to the plaintiff and not to her attorney, and therefore may be offset to satisfy any pre-existing debt she owes the United States Government; therefore, if Kerr owes a debt to the United States Government, the fee award will be applied toward the debt, and the Treasury Department will issue a check to Kerr for any funds remaining after the offset. However, the Commissioner also states, "After the Court enters the above award, if counsel for the parties can verify that Plaintiff owes no pre-existing debt subject to offset, the Defendant agrees to direct that the award be made payable to Plaintiff's attorney pursuant to the EAJA assignment duly signed by Plaintiff and counsel." (DN 24, p. 1.)

### The Requested EAJA Award is Appropriate.

The EAJA allows the award of attorney fees and other expenses against the government provided that:

(1)    The party seeking such fees is the "prevailing party" in a civil action brought by or against the United States;

(2)    An application for such fees, including an itemized justification for the amount requested, is timely filed within thirty days of final judgment in the action;

(3)    The position of the government is not substantially justified; and

(4)    No special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A)-(B).  All factors must be met before the Court awards attorney's fees. *Id.*

Here, the Commissioner concedes that an award of attorney's fees in the amount requested is appropriate. Therefore, the Court will award fees in the amount of $3,206.25. A question remains as to whom the attorney's fee award should be made payable.

### The Attorney's Fees Shall Be Made Payable to Kerr.

The EAJA provides that courts "shall award to a prevailing party . . . fees and other expenses . . . incurred by that party." 28 U.S.C. § 2412(d)(1). In *Ratliff*, the Supreme Court stated that it has "long held that the term 'prevailing party' in fee statutes is a 'term of art' that refers to the prevailing litigant." 560 U.S. at 591 (citations omitted). Thus, "EAJA fees are payable to litigants and are thus subject to offset where a litigant has outstanding federal debts." *Id*. at 594. However, the Supreme Court recognized in *Ratliff*, albeit in *dicta*, that the United States Government has "continued the direct payment practice [] in cases where 'the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney.'" *Id*. at 597 (quoting Brief for Respondent 28).

"In the immediate wake of *Ratliff* and for a significant time thereafter, a number of district courts, including some judges in the Western District of Kentucky, put language in their EAJA fee awards to the effect that, if certain conditions are satisfied, the fee shall continue to be paid directly to the attorney." *Brown v. Comm'r of Soc. Sec.*, No. 5:12-CV-00145-LLK, 2013 WL 3243527, at *2 (W.D. Ky. June 26, 2013) (citing *Greer v. Commissioner,* Civil Action No. 11-10330, 2013 WL 1212882 (E.D. Mich. Feb. 28, 2013)). "These courts reasoned that this practice would have the desirable effect of minimizing an unintended consequence of *Ratliff,* which, according to the concurring justices, was to 'make it more difficult for the neediest litigants to find attorneys to represent them in cases against the Government.'" *Id*. (quoting, in

3

part, *Ratliff*, 560 U.S. at 602) (Sotomayor, J., concurring).  In these cases, the courts would order the Commissioner to pay counsel where there was a valid fee assignment contract between the plaintiff and her counsel, and after the Commissioner had determined that the plaintiff owed no debt to the United States Government.  *Id.* (citing *Jones v. Commissioner of Soc. Sec.*, 5:11-cv-64-TBR-LLK, DN 31 – Order, (W.D. Ky. May 31, 2013)).[1]

Even if the Court were to inclined to follow the *dicta* in *Ratliff* and the immediate post-*Ratliff* approach taken by judges in the Western District of Kentucky, it cannot ignore the Anti-Assignment Act, 31 U.S.C. § 3727 (2012). "Under the Anti–Assignment Act, 31 U.S.C. § 3727, an assignment of a claim against the United States that is executed before the claim is allowed, before the amount of the claim is decided, and before a warrant for payment of the claim has been issued, is void. § 3727(b).  While the Sixth Circuit has not directly spoken on this issue, district courts within the Sixth Circuit have agreed that any assignment of an EAJA award that predates the actual award of fees is void."  *Cox v. Commr' of Soc. Sec.*, 917 F. Supp. 2d 659, 662 (E.D. Ky. 2013); *see also Key v. Comm'r of Soc Sec.*, No. CIV.A. 12-83-KSF, 2013 WL 3427589, at *1 (E.D. Ky. July 8, 2013) ("Here, the plaintiff's assignment is not valid under the

---

[1] Recently, however, some judges in the Western District of Kentucky have refused to designate counsel as the payee of an EAJA award, regardless of whether the Commissioner has contested a requested conditional fee award directly to counsel.  *See, e.g.*, *Coulter v. Comm'r of Soc. Sec.*, 1:13-cv-11-LLK, 2013 WL 6498988, at *2 (W.D. Ky. Dec. 11, 2013) (finding that EAJA fee award should be made to the plaintiff even though the Commissioner did not contest the plaintiff's request for payment of EAJA fees to her attorney provided certain conditions were satisfied); *Brown*, No. 5:12-CV-00145-LLK, 2013 WL 3243527, at *2 (finding that EAJA fee award should be made to the plaintiff because the "issue of Plaintiff's assignment is a matter of contract law not presented as a dispute before this Court"); *cf. Daniel v. Comm'r of Soc. Sec.*, 1:11-cv-159-JHM-HBB, DN 21 – Report and Recommendation (W.D. Ky. August 22, 2012) (awarding EAJA fees to the plaintiff, but noting that after determining whether the plaintiff owes a debt to the United States Government, the Commissioner will decide whether to waive the Anti-Assignment Act and honor the assignment to the plaintiff's attorney).

Anti–Assignment Act because it would predate any award of EAJA fees and not comply with the strict requirements of the Act.  Only after the issuance of any EAJA award can a determination be made as to whether the plaintiff owes a debt to the Government. Therefore, the plaintiff's assignment of EAJA fees to her counsel is not valid.").

Here, the assignment predates the award of fees pursuant to the EAJA, and therefore appears to be void.  (*See* DN 32 [assignment dated March 23, 2016].)  As another judge in the Western District has stated, however, the plaintiff's "assignment to her counsel is voidable at the United States' discretion." *Brown*, No. 5:12-CV-00145-LLK, 2013 WL 3243527, at *3 (W.D. Ky. June 26, 2013) (internal quotation marks omitted) (citing *Daniel,* 1:11-cv-159-JHM-HBB); *see also Delmarva Power & Light Co. v. United States*, 542 F.3d 889, 893 (Fed. Cir. 2008) ("The only basis upon which the assignments could be validated under the Act is if the government validly waived the application of the Act.").  Therefore, the Court concludes that, while is obligated to award fees directly to Kerr, it appears that nothing prevents the Commissioner from waiving application of the Anti-Assignment Act and making the award payable to Mr. Marks should the Commissioner verify that Kerr owes no pre-existing debt to the United States Government.  *See Brown*, No. 5:12-CV-00145-LLK, 2013 WL 3243527, at *3 ("The issue of Plaintiff's assignment is a matter of contract law not presented as a dispute before this Court. The EAJA fee award neither bars the United States from honoring a valid assignment, nor prevents it from disputing it."); *see also id*. ("In both *Daniel* and the present case, the Commissioner expressly left open the possibility that, after the EAJA fee is awarded and after it is determined that plaintiff owes no federal debt, the Commissioner 'may' waive the Anti–Assignment Act and honor the assignment."); *but cf. Smith v. Comm'r of Soc. Sec.*, No. 1:11-CV-778, 2013 WL

5

1155521, at *1 (S.D. Ohio Mar. 20, 2013), *report and recommendation adopted sub nom. Smith v. Comm'r of Soc. Sec.*, No. 1:11CV778, 2013 WL 1561113 (S.D. Ohio Apr. 12, 2013) ("[T]he undersigned is persuaded by the decisions of a growing consensus of courts within the Sixth Circuit that '[u]nder *Ratliff,* the proper course is to award fees directly to Plaintiff and remain silent as to the direction of those fees.'") (citing various cases); *Coulter*, 2013 WL 6498988, at *2 (same). Thus, the Court will leave it to the Commissioner's discretion to determine whether to waive the Anti-Assignment Act and make the fee payable to Mr. Marks. *See, e.g.*, *Greer v. Comm'r of Soc. Sec.*, No. CIV.A. 11-10330, 2013 WL 1212882, at *3 (E.D. Mich. Feb. 28, 2013), *report and recommendation adopted sub nom. Greer v. Comm'r of Soc. Sec.*, No. 11-CV-10330, 2013 WL 1209957 (E.D. Mich. Mar. 25, 2013) ("There being no real disagreement, I will therefore follow the common practice and recommend that the Commissioner be given the opportunity to determine whether there is a pre-existing debt that would offset the EAJA fees. If there is no pre-existing debt to the government, then the EAJA fees should be paid directly to the Plaintiff's attorney.") (internal citations omitted).

## Conclusion

Accordingly,

IT IS ORDERED that the Motion for Attorney's Fees (DN 22) is GRANTED insofar as it requests an EAJA award in the amount of $3,206.25 payable to Kerr.

The Court will leave it to the Commissioner's discretion to make the award payable to Kerr's attorney, Mr. Marks, *if* it is determined that Kerr owes no pre-existing debt to the United States Government.

cc:  Counsel of record