UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

HOPE KERR FOR
HANK W. KERR, DECEASED,                                    Plaintiff

v.                                                        Case No. 3:15-cv-313-CHL

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF
SOCIAL SECURITY,                                           Defendant

Memorandum Opinion and Order

Hope Kerr moves to alter or amend judgment under Rule 59(e). Pl.'s Mot. (DN 26).

The Court may grant a Rule 59(e) motion to alter or amend judgment if there is clear legal error. *GenCorp, Inc. v. American Intern. Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

Kerr argues that the Court clearly erred in applying the Anti-Assignment Act *sua sponte*. Pl.'s Mot. 5 – 24. She asks the Court to order her Equal Access to Justice Act award payable to counsel. *Id.* at 25.

The Commissioner responds that Kerr's motion is moot because the Commissioner instructed the relevant agency to make the award payable to counsel, consistent with this Court's order. Def.'s Resp. 1 (DN 27).

Kerr replies that the motion is not moot because she has a concrete interest in "not being subjected to the erroneous imposition of the Anti-Assignment Act." Pl.'s Reply 3 (DN 28).

"A federal court is without power to decide moot questions or to give advisory opinions which cannot affect the rights of the litigants before it." *St. Pierre v. United States*, 319 U.S. 41 (1943).

The Court agrees with the Commissioner that the motion to alter or amend is moot. Kerr asked for the award to be made payable to counsel. The Commissioner made the award payable to counsel.

The exceptions to mootness Kerr identifies—capable of repetition, yet evading review and voluntary cessation—do not apply. Kerr has not shown that cases presenting this fact pattern have been *evading* review. Indeed, it is likely that a claimant who receives an award payable to the claimant but subject to the government's set-off could, and would, challenge the Anti-Assignment Act's application. Similarly, Kerr has not shown that the Commissioner's compliance with this Court's order, by making the award payable to the attorney, was a *voluntary* cessation of a challenged practice.

Having found Kerr's motion moot, the Court need not consider whether it clearly erred in the previous memorandum opinion and order.

Accordingly, the Court **DENIES** Kerr's motion to alter or amend the judgment as moot (DN 26).

cc: Counsel of record